## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**COMMUNITY BANCORP OF LOUISIANA, INC.**

**VERSUS**

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ET AL.**

**CIVIL ACTION NO.**

**22-814-JWD-EWD**

### NOTICE AND ORDER

This is a civil action involving claims for property damage by Community Bancorp of Louisiana, Inc. ("Plaintiff") arising from Hurricane Ida in August 2021.[1] Defendants Certain Underwriters at Lloyd's London ("Lloyd's"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company ("Defendants") removed the case to this Court on October 19, 2022 and allege that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. 1332.[2]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.

*Citizenship of the Parties*

The Notice of Removal properly alleges the places of incorporation and principal places of business of the following Defendants: Indian Harbor Insurance Company, Delaware/Connecticut;

---

[1] R. Doc. 2-2.
[2] R. Doc. 2, III.

QBE Specialty Insurance Company, North Dakota/New York; Steadfast Insurance Company, Delaware/Illinois; General Security Indemnity Company of Arizona, Arizona/New York; United Specialty Insurance Company, Delaware/Texas; Lexington Insurance Company, Delaware/Massachusetts; HDI Global Specialty SE, Germany/Germany; Old Republic Union Insurance Company, Illinois/Illinois; GeoVera Specialty Insurance Company, Delaware/California; Transverse Specialty Insurance Company, New Jersey/New Jersey.[3]

Turning to Defendant Lloyd's, the Notice of Removal alleges that "Defendant, Certain Underwriters at Lloyd's London, (AMR-73531)'s share of the Policy was underwritten through the Lloyd's insurance market. Sixteen (16) underwriters (commonly known as 'Names' or 'Members') subscribed to this portion of the Policy through Syndicate 510, 2987, 1886, and 33," and then pleads the English places of organization and principal places of business of the managers of Syndicates 510, 33, 1886, and 2987, *i.e.*, Tokio Marine Kiln Syndicates Limited, Hiscox Syndicates Limited, QBE Underwriting Limited, and Brit Syndicates Limited, respectively.[4]  The pleading of the citizenship of these managing entities, which may or may not be the active underwriters for each Syndicate,[5] is insufficient.   "Federal courts have reached two very different results when determining the citizenship of a Lloyd's syndicate. Most courts to consider the issue have held that 'an underwriting syndicate [is] a citizen of all jurisdictions in which its individual

---

[3] R. Doc. 2, IV, ¶¶ 3-12.

[4] R. Doc. 2, IV, ¶ 2.

[5] *See Louisiana Rest. Ass'n, Inc. v. Certain Underwriters at Lloyds, London,* 573 F.Supp.3d 1054, 1059 (E.D. La. 2021), citing *Corfield v. Dall. Glen Hills LP,* 355 F.3d 853, 857-59 (5th Cir. 2003) ("[A] Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, ***all liability is born[e] by the individual Names who belong to the various Syndicates that have subscribed to a policy***.  Each Syndicate appoints a managing agent who is responsible for the underwriting and management of each Name's investments. The managing agent receives this authority through contracts with each Name. The managing agent, which is typically a legal entity, appoints one of its employees to serve as the 'active' underwriter for the Syndicate. The active underwriter selects the risks that the Names in the syndicate will underwrite and has the authority to bind all Names in the Syndicate. The active underwriter has the authority to buy and sell insurance risks on behalf of all Names in the syndicate, and to bind the Syndicate members in these transactions.").

investors, known as 'Names,' [are] citizens, not only of the jurisdiction of the underwriter who acted as a managing agent'…Thus, '[f]ederal courts across the nation have agreed, though through different rationales, that when determining the diversity of citizenship of the parties in a case involving Lloyd's of London, all the 'names' must be taken into consideration."[6]  In this case, as in *Louisiana Restaurant Association* and in *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, Plaintiff sued "Certain Underwriters at Lloyd's, London" and therefore sued all Names subscribing to the Lloyd's policy, not an individual underwriter.[7]  As succinctly explained in *NL Industries, Inc.*:

> In this case, NL sued Certain Underwriters at Lloyd's of London. As such, the suit is against each Name or Underwriter who is a subscriber to the policies in question. These Underwriters are described as "syndicates, corporations, and other entities that are citizens of the United Kingdom or of the United States." Pl.'s Original Pet. ¶ 4. As NL has sued numerous Names, they are the 'real' parties to this action, and their citizenship must be distinctly and affirmatively set forth, or established by proof. This is not a situation like that present in *Corfield* where only *one* Name or Underwriter was a party to the suit.[8]

As noted in *Louisiana Restaurant Association*, there is a line of cases holding that, that when the Names are the real parties in the action, the citizenship of each Name must be identified.[9]

---

[6] *Louisiana Rest. Ass'n, Inc,* 573 F.Supp.3d at 1059–60, citing 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3630.1, at 251 (3d ed. 2009) (internal case citations omitted) and *Johnson v. Certain Underwriters at Lloyd's London*, No. 09-2495, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009) (adopting as its holding the "majority view" that the citizenship of all names must be considered for purposes of diversity jurisdiction) (collecting cases).

[7] *Louisiana Rest. Ass'n, Inc,* 573 F.Supp.3d at 1057 and *NL Indus., Inc. v. OneBeacon Am. Ins. Co.,* 435 F.Supp.2d 558, 560 (N.D. Tex. 2006)

[8] 435 F.Supp.2d at 564.

[9] *Louisiana Rest. Ass'n, Inc,* 573 F.Supp.3d at 1061-62, citing *Certain Underwriters at Lloyd's London Subscribing to Policy No. B066421355A04 v. Washington*, No. 09-3195, 2009 WL 5215927, at *3 (E.D. La. Dec. 28, 2009) at *4-5 (agreeing with "multiple other jurists of the Eastern District of Louisiana and other Circuit Courts that the citizenship of the Names, as the real parties to the controversy, must be considered for purposes of diversity of citizenship jurisdiction").  *See also id.* at 1062 ("Other sections of this Court have come to this same conclusion. *See, e.g., Jefferson v. Am. Sugar Refin., Inc.*, 2017 WL 894652, at *3 (Mar. 7, 2017) (holding that complete diversity was not established given failure to allege citizenship of all names underwriting Lloyd's policy); *Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's London*, 2015 WL 4097069, at *2 (E.D. La. July 7, 2015) (holding that 'the Names are the 'real' parties to this action, and their citizenship must be distinctly and affirmatively set forth or established by proof'); *Rips, LLC v. Underwriters at Lloyd's London*, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015) (holding that citizenship of Lloyd's names was not satisfactorily pleaded to support diversity jurisdiction); *Johnson*, 2009 WL 3232006, at *3-4 (holding that the citizenship of all names must be considered for purposes of diversity jurisdiction);

Accordingly, Defendants must identify, and affirmatively allege the citizenship of, each Name under the Lloyd's Policy.

Likewise deficient is the alleged citizenship of Plaintiff, identified as: "a domestic corporation domiciled in Lafourche Parish, State of Louisiana." The citizenship of a corporation is determined by its place of incorporation and principal place of business, and both must be affirmatively alleged.[10]

*Amount in Controversy*

It is also unclear if Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs. The Petition generally alleges that Plaintiff incurred property damage due to the effects of Hurricane Ida, and seeks damages for diminution of the value of the property, underpayment/delayed payment, repair costs, loss of use, lost rent, penalties, mental anguish, and attorney's fees.[11] However, the Petition does not allege the amount of estimated or actual damages, nor does it attach a damage estimate.[12] The Petition also alleges that Defendants inspected the property and provided an estimate on Plaintiff's claim, but it is unclear from the Petition what, if anything, was paid by any of Defendants on Plaintiff's claim under the applicable policies of insurance.[13] This information is necessary so that a determination as to the amount in controversy can be made. Defendants contend that the policy limit in this case is $630,000.00;[14] however,

---

St. Charles Prop. Ass'n v. Certain Underwriters at Lloyd's London, 2009 WL 3232034, *4 (E.D. La. Oct. 2, 2009) (same); *Walle Bldg. Condo. Ass'n v. Certain Underwriters at Lloyd's London*, 2008 WL 4412250, at *2-3 (E.D. La. Sept. 18, 2008) (dismissing case for lack of subject-matter jurisdiction where plaintiff failed to carry its burden of establishing that all names subscribing to the policy were diverse).").
[10] *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[11] R. Doc. 2-2, ¶¶ 4-6, 38.
[12] The Petition alleges that Plaintiff retained an expert adjuster who inspected the property, but the Petition does not indicate the estimated amount of repairs. R. Doc. 2-2, ¶ 12.
[13] R. Doc. 2-2, ¶¶ 7-10.
[14] R. Doc. 2, VIII.

there is no demand from Plaintiff for those limits in the record, so the assertion of the amount of the policy limits alone is insufficient.

The fact that Plaintiff has named Lloyd's also impacts the pleading requirements for the amount in controversy. There are some cases from the United States District Court for the Eastern District of Louisiana that have held that the jurisdictional amount does not need to be established as to each Name.[15] However, in *Rips, LLC v. Underwriters at Lloyd's London,* the Eastern District noted that there are "a number of cases from [the Eastern District] as well as a Fifth Circuit opinion [that] affirm Lloyd's assertion that the $75,000 minimum must be met against each individual Name."[16] The *Rip's LLC* court permitted the plaintiff to file an amended complaint in order to adequately allege that the $75,000 jurisdictional amount was met for *each* Name.[17]  *Rip's LLC*, and several other more recent cases citing *Rips, LLC,*[18] are well-reasoned and persuasive. Accordingly, Defendants must show that the amount in controversy is likely met as to each Name.

---

[15] No. 14-1969, 2015 WL 2452339, at *2 (E.D. La. May 21, 2015) (string cite omitted).

[16] *Rips, LLC,* 2015 WL 2452339, at **2-3 *and see id*: "In *G & M Holding, Inc. v. Certain Underwriters at Lloyd's of London,* the court granted dismissal both because the plaintiff had failed to assert facts to indicate that 'the amount in controversy is met as to all Names sued under the policy' and because at least one Name was non-diverse. Civ. A. No. 07–4883, 2008 WL 215842, *2 (E.D. La. Jan. 23, 2008). In *McAuslin v. Grinnell Corp.,* the court likewise found that jurisdiction was lacking both because several Names were non-diverse, and because 'all but one of the Names lack[ed] the requisite amount in controversy.' Civ. A. No. 97–803, 2000 WL 1059850, *4 (E.D. La. Aug. 1, 2000). In *Team One Properties, LLC v. Certain Underwriters at Lloyd's, London,* the court dismissed the action because the total amount in controversy against *all* Names was only $47,594.37, not because the $75,000 minimum was not met as to each Name. However, the opinion referenced the holding in *McAuslin* as guidance. Civ. A. No. 07–4493, 2007 WL 4365392, *4 (E.D. La. Dec. 10, 2007). The Fifth Circuit upheld the ruling, stating that the 'district court found that Team One did not demonstrate that the amount in controversy against *any* completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interest and costs.' *Team One Properties LLC v. Certain Underwriters at Lloyds London,* 281 Fed.Appx. 323, *1 (5th Cir. 2008)."

[17] *Rips, LLC,* 2015 WL 2452339, at *4.

[18] *See Park 10 Hosp., LLC v. Certain Underwriters at Lloyd's London,* No. 19-05013, 2020 WL 5554225, at *2 (S.D. Tex. Sept. 16, 2020) ("It is also necessary that the amount in controversy be established as to each Name."); *Lloyd's v. Gailes,* No. 16-77, 2016 WL 3033741, at *4 (N.D. Miss. May 26, 2016) ("…in order to satisfy the jurisdictional requirements, the Plaintiffs must show that the jurisdictional minimum of $75,000.00 has been satisfied as to each 'Name.'") (*citing Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's London,* No. 14-592, 2015 WL 4097069, at *3 (E.D. La. July 7, 2015)(granting remand and holding: "…the amount-in-controversy requirement must be met as to each Name."); and *NAG, Ltd. v. Certain Underwriters at Lloyds of London,* No. 16-16728, 2017 WL 490634, at *4 (E.D. La. Feb. 6, 2017) (granting remand and noting: "Moreover, a Fifth Circuit opinion and numerous decisions from the Eastern District of Louisiana affirm that the amount in controversy must be established as to each Name subscribing to the policy.").

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[19]

Accordingly,

**IT IS ORDERED** that, **on or before December 7, 2022,** removing Defendants shall file a motion for leave to file an amended Notice of Removal that properly alleges the parties' citizenship and that includes all of their numbered allegations, as revised, supplemented, and/or amended. If the motion for leave to amend is granted, the amended Notice of Removal will become the operative removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED** that, **on or before December 14, 2022,** removing Defendants shall file a shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, specifically including the estimated amount of damages at issue in Plaintiff's insurance claim for hurricane-related property damage at issue in the Complaint; the amount, if any, paid on the claim; and whether the amount in controversy is established as to each Name subscribing to the Lloyd's policy potentially providing coverage for Plaintiff's claim.[20]

**IT IS FURTHER ORDERED** that, if removing Defendants cannot satisfy the jurisdictional requirements of 28 U.S.C. § 1332, and no other basis for federal jurisdiction exists,

---

[19] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[20] Defendants allege: "While Defendants deny liability as to Plaintiff's allegations, the amount in controversy between Plaintiff and Defendants, including the subscribing Members to Syndicate 510, Syndicate 33, Syndicate 1886, and Syndicate 2987, which make up Lloyd's portion of the Policy, exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(a)." R. Doc. 2, IX.  However, no evidence supports this allegation, and arguments of counsel are not evidence.  If the amount in controversy is not facially apparent, a removing defendant must submit summary judgment-type evidence to establish amount in controversy by a preponderance of the evidence.  *See, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

Defendants shall file a Motion to Withdraw their Notice of Removal[21] by no later than **December 7, 2022**.

**IT IS FURTHER ORDERED that, on or before December 21, 2022,** Plaintiff Community Bancorp of Louisiana, Inc. shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[22]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, November 30, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] R. Doc. 2.

[22] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiffs' position on whether Defendants have established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).